■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. SAMUEL KASS, Respondent. — Order, entered on February 21, 1969, after a hearing, granting petitioner's application for a writ of error *coram nobis* and vacating a judgment rendered on December 6, 1951, convicting petitioner on his plea of guilty of selling a narcotic drug, and attempting to sell a narcotic drug, unanimously reversed, on the law and the facts, application denied and conviction reinstated. The evidence adduced by the petitioner at the hearing failed to satisfy the standard of proof established by our court in applications of this nature. The law is settled that the burden of proof is on the petitioner to establish clearly and convincingly the claim that he was deprived of his constitutional rights. (*People v. Chait,* 7 A D 2d 399, affd. 6 N Y 2d 855.) At page 401 of our opinion we said: "The petitioner has the burden of proving deprivation of his constitutional rights * * * His contentions must be established clearly and convincingly, by a preponderance of the evidence * * *. The burden is at times a heavy one,

and appropriately so, for judgments of long standing are not lightly to be overturned years, or even, as in this case, more than a generation after the event * * *. Such a presumption [of regularity] will give way only to substantial contrary evidence ". Petitioner's claim that he was coerced into pleading guilty was not established " clearly and convincingly, by a preponderance of the evidence " and the presumption of regularity was not rebutted by "substantial contrary evidence." In view of the foregoing we deem it unnecessary to pass upon appellant's claim that the court below abused its discretion in granting a hearing in this matter. Concur — Capozzoli, J. P., McGivern, Markewich, McNally and Steuer, JJ.